# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:01-CR-53 |
| JAMES GUYTON, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition for Modification of Sentence Pursuant to 18 U.S.C. §3582(c)(2) based on Retroactive Application of November 1, 2007, United States Sentencing Guidelines, U.S.S.G. §2D1.1(c) Amendment and Motion for Resentencing Hearing (DE # 121) filed by Defendant, James Guyton, on November 14, 2008. For the reasons set forth below, Defendant's request for a sentencing modification and rehearing (DE #121) is **DENIED**.

The Defendant was indicted by a federal grand jury on March 23, 2001, and charged in count 3 of the indictment with possession with intent to distribute crack cocaine base in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. On August 28, 2001, the Defendant pled guilty.

During sentencing, this Court found that the Defendant was a career offender. Therefore, under the United States Sentencing Guidelines, his offense level was computed two different ways: (1) based on drug quantity pursuant to U.S.S.G. §2D1.1 and (2) based on career offender status pursuant to U.S.S.G. §4B1.1. *See* U.S.S.G. §4B1.1(b). Because the Defendant's offense level as a career offender was greater than his offense level calculated based on drug quantity, this Court applied the career offender offense level calculated pursuant to U.S.S.G. §4B1.1, which was 31. *See id*. With an offense level of 31 and a criminal history category of VI, the applicable sentencing range was 188-235 months. Based on this guideline range and the Government's U.S.S.G §5K1.1 request, on December 11, 2001, this Court sentenced the Defendant to a term of 130 months imprisonment.

In the instant motion, the Defendant asks this Court to reduce his sentence based on the recent Amendment 706 to the United States Sentencing Guidelines. This Amendment generally lowered the offense levels in U.S.S.G. §2D1.1(c) related to crack cocaine drug quantities. *See* U.S.S.G. § 2D1.1(c); U.S.S.G. Supp. to App. C, pp. 226-31 (2008) (Amendment 706); *United States v. Forman*, 553 F.3d 585, 587 (7th Cir. 2009). Amendment 706 was made retroactive on March 3, 2008. *See* U.S.S.G. Supp. to App. C, p. 253 (2008) (Amendment 713).

In addition, the Defendant requests a full resentencing hearing pursuant to 18 U.S.C. §3582(c)(2). Section 3582 permits district courts to modify a sentence once it has been imposed only when (1) a United States Sentencing Guidelines Amendment has retroactive effect and (2) the amendment lowers the defendant's guideline range. *United States v. Jackson,* 573 F.3d 398, 399 (7th Cir. 2009). "All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed." *Id.*

Here, application of Amendment 706 does not benefit the Defendant by reducing his guideline range because the Defendant was sentenced based on an offense level calculated pursuant to U.S.S.G § 4B1.1, rather than under U.S.S.G. § 2D1.1, the only guideline affected by Amendment 706. *See United States v. Millbrook*, 553 F3d 1057, 1067 (7 Cir. 2009)(Amendment 706 "applies to the drug quantity table in U.S.S.G. § 2D1.1, not the career offender provision in § 4B1.1"). Because Amendment 706 does not lower the Defendant's guideline range, this Court is without jurisdiction to reduce the Defendant's sentence. *See Jackson,* 573 F.3d at 399-400 (holding that the "district court properly found it was without jurisdiction to reduce Jackson's sentence" because "the amendment does nothing to lower Jackson's guideline range because Jackson was sentenced as a career offender and not under the amended Guidelines"); *Forman*, 553 F.3d at 589 (holding that a

defendant sentenced upon the career offender guideline range rather than the crack cocaine guideline "cannot prevail in his pursuit of a lesser sentence because Amendment 706 provides no benefit to career offenders"). Accordingly, the Defendant's request for sentencing modification and rehearing is **DENIED.**

**DATED: November 17, 2008**     /s/RUDY LOZANO, Judge
                                 United States District Court